AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| JOSEPH TIMOTHY GRENON, | ) Case No. 21-20242-CR-ALTONAGA/TORRES |
| | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☒ Weight of evidence against the defendant is strong
  ☒ Subject to lengthy period of incarceration if convicted
  ☐ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision
  ☐ History of violence or use of weapons
  ☐ History of alcohol or substance abuse
  ☒ Lack of stable employment
  ☐ Lack of stable residence
  ☐ Lack of financially responsible sureties
  ☒ Lack of significant community or family ties to this district
  ☒ Significant family or other ties outside the United States
  ☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☒ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Today the Court held a pretrial detention hearing, at which the Government proffered evidence about Defendant's participation in the criminal conspiracy charged in Count I of the Indictment. The government alleges that from 2010 through 2020, the Defendant and his co-defendants manufactured, promoted, sold, and distributed Miracle Mineral Solution ("MMS"), a chemical solution containing sodium chlorite and water. When ingested orally as directed by the defendants, MMS became chlorine dioxide, a powerful bleaching agent typically used for industrial water treatment or bleaching textiles, pulp, and paper. The Defendant and his co-defendants claimed that MMS was a miracle cure-all that could treat, prevent, and cure a variety of serious diseases and disorders, including cancer, Alzheimer's, autism, Parkinson's, multiple sclerosis, HIV/AIDS, and, most recently, COVID-19. MMS, however, was not approved by the U.S. Food and Drug Administration ("FDA") for any use. Rather, the FDA issued public warnings that urged consumers not to purchase or use MMS and advised that ingesting MMS was comparable to drinking bleach and had caused serious and potentially life-threatening side effects. The Defendant along with his co-conspirators nonetheless actively promoted MMS; among other things, the Defendant participated in podcasts touting MMS and he was an email point of contact for its distribution.

The government also proffered evidence of the Defendant defying Court orders. That is, when a Judge of this Court ordered the Defendant and his co-defendants to cease distributing MMS, the Defendant and his co-defendants openly defied those orders and made threatening statements about that judge.

Specifically, on April 16, 2020, the United States filed a civil complaint seeking an injunction to prohibit the defendants from further violating the Federal Food, Drug and Cosmetic Act ("FDCA") by distributing MMS. U.S. District Judge Kathleen M. Williams subsequently issued a Temporary Restraining Order on April 17, 2020 (the "TRO"), and an Order of Preliminary Injunction on May 1, 2020 (the "PI"), both of which prohibited the Defendant and his co-defendants from "directly or indirectly, label[ing], hold[ing], and/or distribut[ing] any [misbranded] drug, including but not limited to MMS." In issuing the PI, Judge Williams found that the "United States has demonstrated a substantial likelihood" that the Defendants' marketing of MMS violated the FDCA.

According to the government, the Defendant and his co-defendants openly violated those court orders by continuing to label and distribute MMS. On April 21, 2020, in a letter addressed to Judge Williams and attorneys for the United States, co-signed by the Defendant and his co-defendants, the alleged conspirators claimed that they were "NOT bound to obey" the TRO. In another letter addressed to Judge Williams and attorneys for the United States dated that same day, co-defendant Mark Grenon, on behalf of the alleged conspirators, wrote: "We are practicing 'civil disobedience' against this unjust order! … Civil disobedience is permitted in the US Constitution[,] peaceably of course at first[,] if possible . . . . NOTE: The 2nd Amendment is there in case it can't be done peaceably . . . . The Genesis II Church of Health and Healing will not stop . . . providing [MMS] to the world!" Similarly, the

Defendant and his co-defendant father acknowledged in podcasts that "We're violating a temporary restraining order. Well, we don't care . . . . . We're going to do it whether you like it or not." They further threatened to "pick up guns" and instigate "a Waco" should the government interfere with the defendants' marketing of MMS. Also, in a podcast dated May 10, 2020, the Defendant and his co-defendant father made the following comments with respect to Judge Williams: "You think we're afraid of some Obama-appointed judge that broke their oath? … You're no judge . . . . This judge could go to jail . . . . You could be taken out Ms. Williams . . . . [W]e're not obeying . . . . Don't care what you do."

The Defendant's defiance of orders of this Court, and disrespectful and threatening statements about officers of this Court, leaves this Court with no confidence that the Defendant would honor the terms of a court-ordered bond.

The Defendant is a United States citizen, although he has lived outside the United States for most of the past 27 years. He resides on a permanent basis in Colombia, with his wife and children. His father, the conspiracy's alleged leader, also lives in Colombia. The Court notes that the Defendant did not waive the need for formal extradition to this District. Further, the Defendant has no ties to the Southern District of Florida. Defendant's sole employment is with the Genesis church; the organization through which he markets MMS. The Defendant does not have assets with which he might secure a substantial bond.

According to the government, if the Defendant is convicted, the expected advisory guideline sentencing range will be 168-210 months' imprisonment – more than the statutory maximum term of 5 years incarceration. This prospect of a significant period of incarceration provides an incentive for the Defendant to avoid appearing before this Court in this criminal prosecution.

For these reasons, and those stated on the record at the pretrial detention hearing today, the Court finds that no combination of conditions of release would reasonably assure the Court of the Defendant's appearance at future court proceedings, and the Court therefore orders the Defendant held without bond.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   December 29, 2021

CHRIS McALILEY
United States Magistrate Judge