UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20242-CR-ALTONAGA/TORRES

UNITED STATES OF AMERICA,

v.

JOSEPH TIMOTHY GRENON,

    Defendant.

_____/

MOTION FOR A PROTECTIVE ORDER AUTHORIZING THE DISCLOSURE OF
PRIVATE HEALTH INFORMATION, SENSITIVE FINANCIAL INFORMATION,
AND PERSONAL IDENTIFICATION INFORMATION

The United States of America moves this Court to enter a protective order regarding discovery to be provided to JOSEPH TIMOTHY GRENON (the "Defendant"). This discovery contains private health information, sensitive financial information, and personal identification information. In support of this motion, the United States submits the following:

1.    On April 22, 2021, a federal grand jury sitting in the Southern District of Florida returned an Indictment charging the Defendant and his alleged co-conspirators with a multi-object conspiracy to (a) defraud the United States and its agencies, (b) commit an offense against the United States by introducing an unapproved new drug into interstate commerce, in violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(2), and (c) commit an offense against the United States by introducing a misbranded drug into interstate commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), all in violation of Title 18, United States Code, Section 371 (Count 1); and criminal contempt, in violation of Title 18, United States Code, Section 401(3) (Counts 2-3). (D.E. 16.)

2.    On December 29, 2021, U.S. Magistrate Judge Chris M. McAliley issued the paperless Standing Discovery Order ("SDO") requiring the United States to disclose to the

Defendant materials covered by the SDO.  (D.E. 48.)  The SDO requires the United States to provide the Defendant with documents and other items material to the preparation of the defense case, a requirement that is largely identical to the disclosure obligations imposed on the United States by Federal Rule of Criminal Procedure 16(a)(1)(E).  (*Id.*)

3.     The Defendant has elected to proceed *pro se* in his defense.  (D.E. 50, 55.)

4.     Much of the discovery in this case includes the disclosure of private health information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. § 164.102-164.534, or the provisions of 42 U.S.C. § 1306.  The private health information contained in the discovery material includes, among other things, individually identifiable health information such as patient health information.

5.     Additionally, some of the discovery in this case contains sensitive financial information of individuals and entities, as well as personal identifying information of the Defendant and other non-party individuals.  The sensitive financial information contained in the discovery material includes, among other things, bank account numbers, social security numbers, tax information, dates of birth, signatures, and residential addresses, of the Defendant and other non-party individuals.

6.     Furthermore, some of the discovery in this case includes personal identification information, including names, social security numbers, dates of birth, and addresses, of the Defendant and other individuals, including witnesses.

7.     Pursuant to the SDO and the United States' discovery obligations, the United States seeks to disclose to the Defendant records and documents that contain this private health information, sensitive financial information, and personal identification information.   The discovery includes voluminous medical records, customer records, emails, and documents provided by banks that contain personal financial and identifying information.  In order to comply

with its discovery obligations, undersigned counsel must produce, or make available to inspection, those documents relating to private health information, sensitive financial information, and personal identification information.  The documents and files in question are voluminous, and therefore redacting them for private health information, sensitive financial information, and personal identification information is impracticable.  The instant motion and accompanying proposed protective order seek to achieve the purpose of prompt disclosure of discovery by the government to the Defendant while simultaneously protecting the privacy rights of witnesses and uninvolved third parties.

    8.      Accordingly, in order to ensure the protection of the above-described information and to avoid the disclosure of this information to other individuals, the United States requests that the Court enter the attached proposed protective order regulating disclosure of discovery as follows:

    a. The Defendant shall hold the discovery materials in strict confidence, disclosing such materials only to the extent necessary to assist in his defense of this matter, and the Defendant may not post the discovery materials to the internet or publicly disseminate the materials in any other way;

    b.  The Defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to this order, the materials must be held in strict confidence, and the recipient may not further disclose or disseminate the materials in any way, including by posting the information to the internet;

    c.  The Defendant shall maintain a log listing each person to whom the discovery materials are disclosed, which shall be available for the Court's inspection as appropriate;

    d.  The Defendant shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient: (1) acknowledges these

restrictions as set forth in this order, and (2) agrees that he or she will not disclose or disseminate the materials without express consent of the Defendant, including by posting the information to the internet.  The Defendant shall not disclose discovery materials to any person until that person has signed such a certification and provided the signed certification to the Defendant.  The Defendant shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such materials were first disclosed;

e.  Violations of this order by the Defendant, or by any person to whom the Defendant discloses the discovery materials, may result in sanctions, contempt of court, or any other punishment which the Court may deem appropriate; and

f.  The Defendant agrees that, upon conclusion of the above captioned case, copies of the discovery materials disclosed to the Defendant pursuant to the terms of this order shall be destroyed or returned to the United States.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (noting "courts often order[ ] that discovery information will remain private.").  Federal Rule of Criminal Procedure 16(d)(1) authorizes the Court to issue the proposed protective order by permitting courts to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions.  *See* Fed R. Crim. P. 16(d)(1).  The United States does not seek to deny, restrict, or defer the disclosure of information required by Rule 16 or the SDO.  Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of any individual's private health information,

4

sensitive financial information, or personal identification information.  The proposed protective

order, attached as an exhibit hereto, would have no effect on the Defendant's ability to prepare his

defense and would protect the private health information, sensitive financial information, and

personal identification information of numerous individuals, including witnesses.  *See, e.g.*, *United*

*States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases

is narrowly limited [and] makes no provision for the production of the names and addresses of

witnesses").

WHEREFORE, the United States respectfully requests that this Court, pursuant to the SDO

and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, enter the attached proposed

protective order concerning the disclosure of private health information, sensitive financial

information, and personal identification information in connection with this case.


Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   */s/Michael B. Homer*
Michael B. Homer
Assistant United States Attorney
Court ID No. A5502497
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9289
Email: Michael.Homer@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 7, 2022, I caused a true and correct copy of the

foregoing to be delivered by U.S. Certified Mail to *pro se* Defendant Joseph Timothy Grenon at

the Miami Federal Detention Center at 33 Northeast 4th Street, Miami, Florida 33132.

/s/ *Michael B. Homer*

Michael B. Homer

Assistant United States Attorney
