UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20242-CR-ALTONAGA/TORRES

UNITED STATES OF AMERICA

v.

MARK SCOTT GRENON,
JONATHAN DAVID GRENON,
JORDAN PAUL GRENON, and
JOSEPH TIMOTHY GRENON,

      **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL AND PROSECUTORIAL MISCONDUCT

On August 26, 2022, *pro se* Defendants Mark Scott Grenon, Jonathan David Grenon, and Joseph Timothy Grenon (the "Defendants") each submitted substantively identical motions asking the Court to dismiss all criminal charges against them due to the alleged failure to provide the Defendants a speedy trial and prosecutorial misconduct.[1] (ECF Nos. 104, 105, and 106.) Specifically, the Defendants argue that this case should be dismissed because "[t]he Prosecutor, after all the time [the Defendants] have been incarcerated, just moved for a psychiatric evaluation without good cause and without proper notice, and certainly for the purpose of extending [the Defendants'] incarceration and with the specific purpose of depriving [the Defendants] of [their] rights to a speedy trial." (*Id.* at ¶ 2.) The Court should deny the Defendant's motions because the

---

[1] The government notes that each of the Defendants filed these motions to dismiss *pro se* after requesting the Court appoint each of them counsel. (ECF Nos. 90, 91, and 93.) Should the Court adjudicate these motions to dismiss on the merits, and the Defendants subsequently obtain counsel, the Court should prohibit the Defendants from filing additional motions to dismiss seeking to relitigate these same issues.

government did not request that the Defendants undergo psychiatric evaluations, and because the Speedy Trial clock has not yet begun to run for any of the Defendants.

First, the government did not move for psychiatric evaluations of the Defendants. Rather, the Court ordered that the Defendants undergo competency evaluations on the Court's own initiative. (*See* ECF No. 85 (Order for Competency Evaluation) ("THIS CAUSE came before the Court *sua sponte*.") Accordingly, the Defendants' allegations of prosecutorial misconduct are baseless and should be rejected.

Second, the Defendants' speedy trial rights have not been violated. In fact, zero non-excludable days have elapsed pursuant to the Speedy Trial Act.[2] Defendant Jonathan David Grenon made his initial appearance in the Southern District of Florida on September 4, 2020. (ECF No. 9.) At that time, the Chief Judge of the United States District Court of the Southern District of Florida had issued Administrative Orders 2020-18, 2020-21, 2020-24, 2020-33, 2020-41, and 2020-53 *In Re: Coronavirus Public Emergency*. These Administrative Orders *sua sponte* suspended all jury trials during the pandemic and found that the time of continuances was excludable under the Speedy Trial Act, as the ends of justice outweighed the interests of the parties and public in a speedy trial due to the severe risks of the COVID-19 pandemic. The Chief Judge subsequently entered several additional Administrative Orders related to the COVID-19 pandemic, ultimately finding all time from March 30, 2020, through September 6, 2021, to be excludable under the Speedy Trial Act "based on a finding that the ends of justice outweigh the interests of the public and the defendant in a speedy trial." *See* Administrative Order 2021-65 Coronavirus Public Emergency.

---

[2] The following analysis illustrates why, contrary to the Defendants' assertions, the Defendants' rights under the Speedy Trial Act have not been violated. But, to be clear, the Defendants' constitutional speedy trial rights similarly have not been violated.

2

During this excludable period of delay, on July 14, 2021, the Court issued an Order continuing trial until March 14, 2022. (ECF No. 44.) For reasons stated on the record in open court, and as further detailed in the Order Continuing Trial, the Court found that the interests of justice served by a continuance outweighed any interest of the public or the Defendants in a speedy trial. (*Id.*) As a result, the Court excluded all time under the Speedy Trial Act through the date trial was set to commence on March 14, 2022. (*Id.*)

During this excludable period of delay, on December 29, 2021, Defendant Joseph Timothy Grenon made his initial appearance in the Southern District of Florida. (ECF No. 47.) Several days later, on January 5, 2022, the Court issued an Order continuing trial until September 6, 2022. (ECF No. 56.) Again, for reasons stated on the record in open court, the Court found that the interests of justice served by a continuance outweighed any interest of the public or the Defendants in a speedy trial. (*Id.*) As a result, the Court excluded all time under the Speedy Trial Act through the date trial was set to commence on September 6, 2022.[3] (*Id.*)

During this excludable period of delay, on July 28, 2022, Defendant Mark Scott Grenon made his initial appearance in the Southern District of Florida. (ECF No. 75.) Several days later, on August 8, 2022, the Court *sua sponte* issued an Order that the Defendants undergo competency evaluations. (ECF No. 85.) Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court ordered that the "period of delay resulting from the examination of the Defendants and any subsequent judicial

---

[3] As outlined in the Government's Motion to Continue Trial filed on July 6, 2021 (ECF No. 41 at 9-12), and the Government's Motion to Continue Trial filed on January 3, 2022 (ECF No. 52 at 9-11), these periods of delay were also automatically excludable under the Speedy Trial Act due to Defendant Mark Scott Grenon not yet having appeared in the Southern District of Florida, as he contested his extradition from Colombia to the United States. *See, e.g.*, *United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988) (explaining that under 18 U.S.C. § 3161(h)(6), "delay caused by an unapprehended codefendant stops the clock for the defendant before the court").

proceedings to determine the Defendants' competency shall be deemed excluded for speedy trial calculations." (*Id.*)

Finally, on August 11, 2022, the Court issued an Order continuing trial until January 3, 2023. (ECF No. 89.) For the reasons outlined in the Government's Motion to Continue Trial (ECF No. 88), the Court found that the interests of justice served by a continuance outweighed any interest of the public or the Defendants in a speedy trial. As a result, the Court excluded all time under the Speedy Trial Act through the date trial was set to commence on January 3, 2023.[4] (*Id.*)

In short, zero non-excludable Speedy Trial days have elapsed, the Defendants' speedy trial rights have not been violated, and the Defendants' motions to dismiss should be denied.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:  */s/ Michael B. Homer*
MICHAEL B. HOMER
Assistant United States Attorney
Court ID No. A5502497
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9289
Michael.Homer@usdoj.gov

JOHN C. SHIPLEY
Assistant United States Attorney
FL Bar No. 0069670
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9111
John.Shipley@usdoj.gov

---

[4] The Defendants have also filed numerous motions in this case, including the instant motions to dismiss and motions for appointment of counsel. The filing of these pretrial motions also stopped the Speedy Trial clock. *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011) (holding that §3161(h)(1)(D) stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 9, 2022, I caused a true and correct copy of the foregoing to be delivered via Certified Mail to *pro se* Defendants Mark Scott Grenon and Joseph Timothy Grenon at the Federal Medical Center Fort Worth, Inmate Mail/Parcels, P.O. Box 15330, Fort Worth, Texas 76119, and to *pro se* Defendant Jonathan David Grenon at the Miami Federal Detention Center, Inmate Mail/Parcels, P.O. Box 019120, Miami, Florida 33101.

*/s/ Michael B. Homer*
MICHAEL B. HOMER
Assistant United States Attorney