**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>21-20242-CR-ALTONAGA/TORRES</u>**

**UNITED STATES OF AMERICA**

**vs.**

**MARK SCOTT GRENON,**
**JONATHAN DAVID GRENON,**
**JORDAN PAUL GRENON, and**
**JOSEPH TIMOTHY GRENON,**

**Defendants.**
_____/

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.2**

**The Duty to Follow Instructions and the Presumption of Innocence When a
Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Pro Se Defendant**

The Defendants have decided to represent themselves in this trial and not to use the services of a lawyer. They have a constitutional right to do that.  Their decision has no bearing on whether they are guilty or not guilty, and it must not affect your consideration of the case.

Because each Defendant has decided to act as his own lawyer, you may hear a Defendant speak at various times during the trial. They may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when a Defendant speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

**<u>SOURCE</u>**:

Ninth Circuit, Manual Model of Criminal Jury Instructions (2010), Instruction 1.15; Eighth Circuit, Criminal Jury Instructions § 2.23.  The first paragraph above, based upon these sources, was given recently in *United States v. Longsworth*, Case 1:23-cr-20017-RAR (ECF49).  We ask that the Court give this instruction at the start of trial and/or in its final instructions.  If standby counsel participates, additional language may be appropriate.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4 (modified)**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  Anything the lawyers say is not evidence and isn't binding on you.  In addition, anything the Defendant may say that is not admitted by me as evidence is not binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**NOTE**:  If the defendants are allowed to testify and do testify without taking an oath, subject to FRE 603, the jury should be instructed to consider as well "Did the witness swear an oath to tell the truth?"

**B7**

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**B8**
**Introduction to Offense Instructions**

The indictment charges three separate crimes, called "counts."  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

In summary, Count One charges that the Defendants knowingly and willfully engaged in a conspiracy to defraud the United States, specifically the United States Food and Drug Administration (the "FDA"), and also to violate specific criminal laws of the United States.

Counts Two and Three charge that Defendants Jonathan and Jordan Grenon committed contempt of court, which is a "substantive offense."  I will explain the law governing that substantive offense in a moment.

But first note that the Defendants are not charged in Count 1 with committing a substantive offense – they are charged with <u>conspiring</u> to commit an offense.  I will now give you specific instructions on conspiracy.

**O13.1 & 13.6 (consolidated)**
**Conspiracy to Defraud the United States and Commit an Offense Against the United States**
**18 U.S.C. § 371**

It's a separate Federal crime for anyone to conspire or agree with someone else to defraud the United States or one of its agencies such as the FDA, <u>or</u> to conspire or agree to do something that would be another Federal crime if it were actually carried out.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act.  The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**O13.2**
**Multiple Objects of a Conspiracy**
**(modified)**

Count 1 charges that the Defendants conspired to defraud the United States, and also conspired to commit two substantive Federal crimes: distributing an unapproved new drug, and distributing a misbranded drug. In other words, the Defendants are charged with conspiring to do three things; these are called the "objects" of the conspiracy.

The Government does not have to prove that the Defendant willfully conspired to commit <u>all</u> three objects of the conspiracy. In other words, the Government does not have to prove that the Defendant conspired to defraud the FDA <u>and</u> to commit the offense of distributing an unapproved new drug <u>and</u> to commit the offense of distributing a misbranded drug. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those objects. But to find the Defendant guilty of Count 1, you must all agree about which object(s) the Defendant conspired to commit.

**Count One:  Object of the Conspiracy #1:  Functions of the FDA**

The first object of the criminal conspiracy charged in Count 1 is that the Defendants conspired to defraud the Unites States, specifically the FDA.

To "defraud" the FDA, for purposes of this charge, means to interfere with any of the FDA's lawful functions by deceit, craft, or trickery, even if the FDA does not suffer a loss of money or property.

The FDA has broad authority to regulate drugs in the United States in order to protect the health and safety of consumers. This broad authority includes the lawful functions to: (a) regulate the interstate distribution of drugs and their components; (b) ensure that drugs are safe and effective for their intended uses; (c) prevent the unlawful sale and distribution of drugs not approved for sale and distribution in the United States; (d) ensure that drugs where required bear adequate directions for use; and (e) ensure that drugs are manufactured only in duly-registered facilities.

**SOURCE**:

O13.6 and *United States v. Boccuzzi*, 19-80030-Cr-WPB (ECF578) (defining "defraud" the United States) (*cf. United States v. Ballistrea*, 101 F.3d 827, 831-32 (2nd Cir. 1996) (stressing that it is unnecessary to prove a financial or property loss to the Government)); 21 U.S.C. §§ 321, 331, 342, 343, 348, 350-355b, 374, 378, 379aa, 379aa-1, 393; 21 C.F.R. Parts 1-1499 (regarding FDA's functions).

**Count One:  Object of the Conspiracy #2:  Introducing an Unapproved New Drug into Interstate Commerce**

The second object of the criminal conspiracy charged in Count 1 is that the Defendants conspired to commit an offense against the United States; specifically, to violate the FDCA, which makes it a Federal crime for anyone to cause the introduction or delivery for introduction into interstate commerce of any unapproved new drug.  The Government alleges that "Miracle Mineral Solution" was a "new drug," as that term is defined later in these instructions, and that the FDA had not approved Miracle Mineral Solution for introduction or delivery for introduction into interstate commerce.

A Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) that the Defendant caused a new drug to be introduced or delivered for introduction into interstate commerce;

(2) the new drug was, at the time, an unapproved new drug, as defined below; and

(3) that the Defendant acted with intent to defraud or mislead.

An article is a "drug" if it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans, or if it is intended to affect the structure or any function of the human body.  It is the intended use of a substance which determines whether it is a drug under the FDCA and not the nature or composition of the article, or whether and how the article actually affects the structure or any function of the human body.

A product's intended use is what a reasonable person would conclude the manufacturer or seller intended, based on all of the relevant information. You can determine the intended use of a product by considering the label, accompanying labeling, promotional material, advertising, oral

representations made about the product, the circumstances surrounding the distribution of the article, and information from any other source which discloses intended use.

The term "new drug," as pertinent here, means "any drug ... the composition of which is such that such drug is not generally recognized, by experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof." The Government does not have to show a product is new in the sense that it was recently made or, in fact, unsafe or ineffective, but simply that it was not generally recognized among qualified experts as having been adequately shown to be safe and effective when used in the manner prescribed, recommended, or suggested in its labeling.

A "general recognition" of a drug's safety and effectiveness must be based on three conditions. First, there must be substantial evidence of the drug's effectiveness that would be sufficient to obtain FDA's approval for the drug. "Substantial evidence" is evidence consisting of "adequate and well-controlled investigations," including clinical investigations, upon which qualified experts can fairly and reasonably conclude that it will have the effect it is represented to have, such as to cure a disease.

Second, the "adequate and well-controlled investigations" must be published in the scientific literature so that they are made generally available to the community of qualified experts and are, thereby, subject to peer evaluation, criticism, and review. The published investigations must be of the safety and efficacy of the complete drug, as opposed just to some of the ingredients in the drug. The absence of literature establishing the safety and effectiveness of the drug is proof that the requisite general recognition does not exist. Anecdotal and testimonial evidence from doctors or patients regarding the safety and effectiveness of a new drug is not sufficient to meet

the standards of the FDCA with respect to establishing the drug's safety and effectiveness. In addition, general recognition of safety and effectiveness cannot be based on clinical impressions of practicing physicians or patients, poorly controlled experiments, isolated case reports, random experience, or reports lacking the details which permit scientific evaluation.

Third, there must be a consensus among qualified experts, based on adequate and well-controlled published investigations of the drug, that the drug is safe and effective for each of its labeled indications. If you find that any one of these three conditions fails to exist for the drug, then the drug was not generally recognized as safe and effective and, therefore, was a "new drug."

An "unapproved new drug" is a drug for which FDA has not approved a New Drug Application, Abbreviated New Drug Application, or Investigational New Drug Application.

"Interstate commerce" means commerce between any State and any place outside thereof.

To act with "intent to defraud" means to act with the specific intent to deceive or cheat. The Government does not have to prove that anyone was in fact defrauded.

To act with "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting or concealing facts. It is not necessary, however, to prove that anyone was, in fact, misled.

A Defendant can act with intent to defraud or to mislead either (1) the consumers of the Defendant's products or (2) the Government.

To act with the intent to defraud or mislead the consumers of a product means to act with the specific intent to defraud or mislead either the direct purchaser of the product, or subsequent purchasers or users, about the nature of the product being used or purchased or some significant fact or aspect of the product being used or purchased.

To act with the intent to defraud or mislead the Government means to act with the specific intent to interfere with or obstruct a lawful government function by deceit, craft or trickery, or at least by means that are dishonest.

I have instructed you about the elements of this substantive offense so that you can understand what the Defendants allegedly conspired to do. Let me remind you that in Count 1 the Defendants are not charged with committing the substantive offense of distributing an unapproved new drug. Rather, they are charged with agreeing or conspiring to do so.

**<u>SOURCE</u>**:

*United States v. Vanmoor*, 06-60064-Cr-JAG (ECF67) (edited for case; "intent to defraud" and "intent to mislead" definitions modified to confirm to language currently used in multiple Eleventh Circuit pattern instructions, *e.g.*, O14, O40.2); *Boccuzzi, supra*. *See generally* 21 U.S.C. §§ 321, 331, 355; 21 C.F.R. 314.126, 201.5,201.128.

**Count One:  Object of the Conspiracy #3:  Distributing a Misbranded Drug**

The third object of the criminal conspiracy charged in Count One is that the Defendants conspired to commit another offense, specifically, to violate another provision of the FDCA which makes it a federal crime for anyone to cause the introduction or delivery for introduction into interstate commerce of a misbranded drug.  I will instruct you momentarily on two ways in which a drug may be misbranded within the meaning of Title 21, United States Code, Section 352.

A Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

    (1) That the Defendant caused a drug to be introduced or delivered for introduction into interstate commerce;

    (2) That the drug was misbranded; and

    (3) That the Defendant acted with the intent to defraud or mislead.

I have already defined the term "drug" and instructed you about the meaning of "interstate commerce" and "to act with the intent to defraud or mislead."

A product may be "misbranded," as relevant here, in either of two ways.

One, a drug is misbranded if its labeling lacks adequate directions for use.  "Adequate directions for use" means directions sufficient to enable a lay person to use a drug safely and for the purposes for which it is intended.

A second way that a drug can be misbranded is if it was manufactured, prepared, propagated, compounded, or processed in an establishment not duly registered under the FDCA. The FDCA requires that, during the period beginning on October 1 and ending on December 31 of each year, every person who owns or operates any establishment in any State engaged in the manufacture, preparation, propagation, compounding, or processing of a drug or drugs shall register with the Secretary the name of such person, places of business of such person, all such

establishments, the unique facility identifier of each such establishment, and a point of contact e-mail address.

Let me remind you again that in Count 1 the Defendants are not charged with committing the substantive offense of distributing a misbranded drug. Rather, they are charged with agreeing or conspiring to do so. I have instructed you about the elements of this substantive offense so that you can understand what Defendants allegedly conspired to do.

**<u>SOURCE</u>**:

On "adequate directions for use," *see* 21 U.S.C. §§ 331(a); 333(a)(2); 352(f)(1); 21 CFR 201.5 and 201.128. *See also United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1292 -93 (S.D. Fla. 2020) (Williams, J.) ("A drug is 'misbranded' under 21 U.S.C. § 352(f)(1) if its labeling fails to bear "adequate directions for use" and is not exempt from this requirement. '[A]dequate directions for use' are those 'under which the layman can use a drug safely and for the purposes for which it is intended.' 21 C.F.R. § 201.5. "). The Government may seek additional language regarding prescription drugs, which cannot, by definition, have adequate directions for use, *see, e.g.* 21 U.S.C. § 353(b)(1)(A); 21 C.F.R. §§ 201.5; 201.115; 201.100(c)(2); *Genesis II Church of Health & Healing*, 476 F. Supp. 3d at 1293; *United States v. Patwardhan*, 422 F. App'x 614, 616 (9th Cir. 2011); *United States v. Evers*, 643 F.2d 1043, 1051 (5th Cir. 1981) (accepting the FDA's assertion that "since a prescription drug by definition can be used only under a physician's supervision ... it is impossible to provide 'adequate directions for use' to a layman") (citing *United States v. Articles of Drug*, 625 F.2d 665, 673–75 (5th Cir. 1980))).

On unregistered establishments, *see* 21 U.S.C. §§ 352(o), 360(b).

Additional language may be appropriate if the defendants assert that they were in one of the categories in which a drug may be exempt from the "adequate directions for use" requirement, or exempt from the registration requirement.

**Counts Two and Three:  Contempt**

It's a Federal crime for anyone to willfully disobey or resist any order of any court of the United States.  The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) A court of the United States entered an order of reasonable specificity;

(2) the Defendant violated the order; and

(3) the violation was willful.

The United States District Court for the Southern District of Florida is a court of the United States.

A willful violation is a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order.

If the Government proves the elements I just described, it is not a defense that the Defendant believed in good faith that the order was unlawful, or that the order was in fact unlawful in some way.


**SOURCE**:

18 U.S.C. §401(c); *United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989); *United States v. Hendrickson*, 822 F.3d 812, 821 (6th Cir. 2016) (collecting cases and explaining that the collateral bar rule prohibits a defendant from defeating a criminal contempt charge by claiming that the order was unlawful; also affirming district court's instruction to that effect because "[w]hile acting under an honest, although incorrect, misunderstanding of a court order is a defense to criminal contempt, the fact that a person believes in good faith that the court order is unlawful is not" (citations and internal punctuation omitted)).

**B9.1A (modified)**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

I have given you a specific instruction about the word "willfully" in reference to the contempt charges in Counts 2 and 3, and you should follow that instruction on deciding those counts. As used elsewhere in these instructions, the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Persons or Charges Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the Defendant on trial from the fact that any person in addition to the Defendants is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Neither may you speculate as to the reasons why certain Defendants are charged in some counts of the Indictment but not others.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

**<u>SOURCE</u>**:

Modified from similar instructions in multiple SDFL cases including *United States v. Belfast*, No. 06-20758-CR-Altonaga (DE580:3), *aff'd*, 611 F.3d 783 (11th Cir 2010) and *United States v. Esformes*, 16-20549-Cr-Scola, *aff'd*, 60 F.4th 621 (11th Cir. 2023).

## No Defense of "Justification"

The government must prove each of the elements of a charged offense beyond a reasonable doubt, including those elements relating to the Defendant's state of mind. But, if you find that the Defendant had the state of mind necessary to commit the crimes charged in the indictment, then it is not a defense that the Defendant believed that violating the law was religiously, politically, or morally required, or that ultimate good would result.

**SOURCE:**

Similar no-justification instructions based upon this language have been given in multiple SDFL cases later affirmed by the 11th Circuit including *United States v. Khan*, 11-20331-Cr-Scola (DE747:16), *United States v. Batiste*, 06-20773-Cr-Lenard (DE1307:29); and *United States v. Padilla et al.*, 04-60001-Cr-Cooke (DE1189).   *See also Belfast, supra* (Altonaga, J.) ("[P]raiseworthy motives [] may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.  Good motive alone is never a defense where the act done or omitted is a crime. …).  Adapted from Eleventh Circuit Pattern Jury Instructions, Criminal, Special Instruction 9 (addressing a good faith defense to willfulness, but additionally including the following language:  "Intent and motive must not be confused. 'Motive' is what prompts a person to act. It is why the person acts.  'Intent' refers to the state of mind with which the act is done.  If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of 'willfulness' is satisfied, even if the Defendant believed that violating the law was [religiously, politically, or morally] required or that ultimate good would result." (brackets in original)).

**First Amendment/Permissible Use of Evidence**

The First Amendment to the United States Constitution establishes certain rights which benefit everyone.  The First Amendment provides, in part, that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof or abridging the freedom of speech.  A person is free to believe any religion, or no religion, and express any point of view.  But the First Amendment does not protect the kind of criminal activity charged in this case.

So, having instructed you concerning rights of each defendant pursuant to the First Amendment, I also instruct you that the First Amendment is not a defense to the crimes charged in this indictment.  If the Government proves all of the elements of those crimes beyond a reasonable doubt, you must return a verdict of guilty, regardless of whether the defendant's conduct had some connection to religious activity or to a claim of free speech.  I instruct you as well that, in deciding whether the Government has met its burden, you may consider the defendants' statements admitted as evidence during the trial, and give them whatever weight you decide.

**<u>SOURCE</u>**:

Adapted from instruction approved in *United States v. Hassan*, 742 F.3d 104, 127 (4th Cir. 2014) (reading in full:  "I turn your attention now to the First Amendment to the United States Constitution, which establishes certain rights which accrue to each defendant. The First Amendment provides, in part, that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof or abridging the freedom of speech or of the press or the right of the people to be peaceably assembled. The right of freedom of speech and to engage in peaceful assembly extends to one's religion and one's politics. Having instructed you concerning rights of each defendant pursuant to the First Amendment, I also instruct you that the First Amendment is not a defense to the crimes charged in the indictment."). *See generally United States v. Annamalai*, 939 F.3d 1216, 122-25 (11th Cir. 2019) (explaining that while the "First Amendment prohibits a criminal charge of fraud from being based on 'the truth or verity of [a

person's] religious doctrines or beliefs,' it 'does not protect fraudulent activity performed in the name of religion'") (quoting, *inter alia, United States v. Rasheed*, 663 F.2d 843, 847 (9th Cir. 1981)); *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 879-82 (1990) (Free Exercise Clause "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)," and rejecting idea that "when otherwise prohibitable conduct is accompanied by religious convictions, not only the convictions but the conduct itself must be free from governmental regulation"); *Cantwell v. Connecticut*, 310 U.S. 296, 303-06 (1940) (noting that the First Amendment "embraces two concepts—freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society … penal laws are available to punish [those who] under the cloak of religion, ... commit frauds upon the public"); *United States v. Friday*, 525 U.S. 938 (10th Cir. 2008) ("Where an individual violates an otherwise valid criminal statute, the First Amendment does not act as a shield to preclude the prosecution of that individual simply because their criminal conduct has a connection to religious activity.").   On the use of defendants' statements, *see, e.g., Hassan*, 742 F.3d at 127 (describing as "entirely consistent with the First Amendment [making] evidentiary use of the appellants' speech to establish the elements of their crimes or to prove motive or intent. … Indeed, because the essence of a conspiracy is an agreement to commit an unlawful act,  the supporting evidence may necessarily include a defendant's speech." (internal citations and punctuation omitted)); *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) (same); *United States v. Hassoun, et al.*, 04-60001-Cr-Cooke (S.D. Fla. 2007), DE1189 (advising jury that while "[f]reedom of religion protects an individual's … right to believe, profess, practice and preach whatever religious doctrine he ... may chose," his statements may be considered as evidence of criminal activity including state of mind).

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the superseding indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-20241-Cr-Altonaga/Torres**

**UNITED STATES OF AMERICA**

**vs.**

**MARK SCOTT GRENON,**
**JONATHAN DAVID GRENON,**
**JORDAN PAUL GRENON, and**
**JOSEPH TIMOTHY GRENON,**

        **Defendants.**
_____/

**<u>VERDICT</u>**

**WE THE JURY** find unanimously as follows:

      **For DEFENDANT MARK SCOTT GRENON:**

As to Count One of the Indictment:      _____ Guilty    _____ Not Guilty

     If guilty, please identify whether the Government proved the following objects:

     To defraud the United States and its agencies:

                 _____ Yes    _____ No

     To commit the offense of distributing an unapproved new drug:

                 _____ Yes    _____ No

     To commit the offense of distributing a misbranded drug:

                 _____ Yes    _____ No

**For DEFENDANT JONATHAN DAVID GRENON:**

As to Count One of the Indictment:              _____ Guilty       _____ Not Guilty

    If guilty, please identify whether the Government proved the following objects:

    To defraud the United States and its agencies:

                        _____ Yes       _____ No

    To commit the offense of distributing an unapproved new drug:

                        _____ Yes       _____ No

    To commit the offense of distributing a misbranded drug:

                        _____ Yes       _____ No

As to Count Two of the Indictment:              _____ Guilty       _____ Not Guilty

As to Count Three of the Indictment:            _____ Guilty       _____ Not Guilty

**For DEFENDANT JORDAN PAUL GRENON:**

As to Count One of the Indictment:              _____ Guilty       _____ Not Guilty

    If guilty, please identify whether the Government proved the following objects:

    To defraud the United States and its agencies:

                        _____ Yes       _____ No

    To commit the offense of distributing an unapproved new drug:

                        _____ Yes       _____ No

To commit the offense of distributing a misbranded drug:

_____ Yes        _____ No

As to Count Two of the Indictment:        _____ Guilty        _____ Not Guilty

As to Count Three of the Indictment:        _____ Guilty        _____ Not Guilty

**For DEFENDANT JOSEPH TIMOTHY GRENON:**

As to Count One of the Indictment:        _____ Guilty        _____ Not Guilty

If guilty, please identify whether the Government proved the following objects:

To defraud the United States and its agencies:

_____ Yes        _____ No

To commit the offense of distributing an unapproved new drug:

_____ Yes        _____ No

To commit the offense of distributing a misbranded drug:

_____ Yes        _____ No

**SO SAY WE ALL**

Signed:        _____
                   Foreperson

Dated:        _____, 2023